175 Cal.App.4th 1 (2009)
In re K.P. et al., Persons Coming Under the Juvenile Court Law.
PLACER COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, Plaintiff and Respondent,
v.
V.M. et al., Defendants and Appellants.
No. C060327.
Court of Appeals of California, Third District.
June 22, 2009.
*2 Nicole A. Williams, under appointment by the Court of Appeal, for Defendant and Appellant V.M.
Christopher Blake, under appointment by the Court of Appeal, for Defendant and Appellant J.M.
Anthony LaBouff, County Counsel, and James R. Yeo for Plaintiff and Respondent.

OPINION
SIMS, Acting P. J. 
Appellant V.M. (mother), the mother of J.P. (born June 1997), K.P. (born Oct. 1998), and J.M. (born Dec. 2003), appeals from an order of the juvenile court terminating her parental rights. (Welf. & Inst. Code, §§ 366.26, 395; undesignated statutory references are to the Welfare and Institutions Code.)
Appellant J.M. (father), the father of minor J.M.,[1] appeals from an order entered by the juvenile court pursuant to section 366.26, which did not terminate his parental rights but which did set adoption as the permanent placement goal.
*3 The court found there is a probability that J.P. will be adopted, he is difficult to place, and termination of parental rights would not be detrimental to him. (§§ 366.26, 395.)
On appeal, mother and father (collectively, appellants) contend that the juvenile court did not comply with the notice provisions of the Indian Child Welfare Act of 1978. (25 U.S.C., § 1901 et seq.; ICWA.) We shall affirm.

BACKGROUND
In November 2002, following several instances of domestic violence between the mother and her live-in girlfriend, the minors J.P. and K.P. were detained and the Placer County Department of Health and Human Services (HHS) filed a dependency petition alleging jurisdiction under section 300, subdivisions (b) (failure to protect) and (c) (serious emotional damage).
The mother told HHS that she was a member of the Colfax/Todd's Valley Consolidated Tribe. HHS determined the tribe was not federally recognized and did not notify it of the proceedings.
The juvenile court sustained the petition in January 2003, placing J.P. and K.P. with the mother. The dependency action was dismissed in July 2003 after the mother completed her reunification plan.
In May 2005, another dependency petition was filed alleging jurisdiction of J.P., K.P. and J.M. (collectively, the minors) under section 300, subdivisions (b), (c), and (g) (no material support), following domestic violence between the mother and the father leading to the mother's arrest. The petition also alleged appellants had a history of domestic violence and substance abuse.
Reports indicated the mother was possibly bipolar and detailed her lengthy child welfare history. Two mental health experts examined the father and found he had borderline personality disorder, antisocial tendencies, signs of paranoid schizophrenia and depression, and an IQ of 73. The experts concluded the father was not likely to benefit from reunification services.
The juvenile court amended the petition to omit the subdivision (g) allegation and sustained the petition. Reunification services were denied to the father and offered to the mother. The minors were returned to the mother in January 2006 and the dependency action was dismissed in August 2006.
A third dependency petition was filed in September 2007, alleging jurisdiction of the minors under section 300, subdivisions (b) and (c), after incidents *4 of domestic violence between the mother and maternal grandmother and a fight between the mother and father.
At the September 2007 detention hearing, the juvenile court found the minors were not Indian children within the meaning of ICWA. Pursuant to section 306.6,[2] the juvenile court allowed the Colfax/Todd's Valley Consolidated Tribe to participate in the proceedings. The tribal representative expressed a preference for placement with an Indian family.
The juvenile court sustained the petition in December 2007. Reunification services were denied to the father pursuant to section 361.5, subdivision (e)(2), and offered to the mother. The minors were continued in their foster home placement.
In April 2008, the juvenile court granted HHS's petition for modification (§ 388) and deprived appellants of the right to make educational decisions for the minors, appointing the educational representative recommended by the tribe. After the tribe's educational representative failed to enroll K.P. in elementary school, the juvenile court vacated the appointment and appointed the minors' Child Advocates of Placer County (CASA) representatives as the educational surrogates.
The juvenile court terminated reunification services for the mother in May 2008. The tribal representative requested placement with an Indian foster family.
In October 2008, the juvenile court terminated the mother's parental rights as to K.P. and J.M. and made the findings set forth above regarding the minor J.P.

DISCUSSION
The mother is a member of the Colfax/Todd's Valley Consolidated Tribe. This tribe is not recognized by the federal government. (70 Fed.Reg. 71194-71198 (Nov. 25, 2005).) Appellants claim HHS violated the ICWA by failing to investigate the tribe's affiliation with federally recognized tribes and to provide notice to those tribes. They are mistaken.
The ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for, and permitting tribal participation in, dependency actions. (25 U.S.C. *5 §§ 1901, 1902, 1903(1), 1911(c), 1912.) To facilitate participation, notice of the pending proceeding and the right to intervene must be sent to the tribe or to the Bureau of Indian Affairs (BIA) if the tribal affiliation is not known. (25 U.S.C. § 1912(a); § 224.2, subd. (a).) Once notice is provided, it must be sent for each subsequent hearing until it is determined that the ICWA does not apply. (§ 224.2, subd. (b); In re Marinna J. (2001) 90 Cal.App.4th 731, 736 [109 Cal.Rptr.2d 267].)
Since the ICWA applies only to federally recognized tribes (25 U.S.C. § 1903(8)), it does not apply to the mother's tribe. Appellants contend that the mother's tribe might be affiliated with either the Miwok or Maidu tribe, relying on information appellants' counsel claims to have found on the Internet. Appellants do not assert this is conclusive proof of affiliation with a federally recognized Indian tribe, but submit it to demonstrate the alleged ease of determining this question.
(1) However, the evidence appearing on the Internet sites referred to by appellants was never presented to the juvenile court. There was no evidence before the juvenile court suggesting that the Colfax/Todd's Valley Consolidated Tribe was affiliated with a federally recognized Indian tribe. The notice provisions of the ICWA are triggered "`where the [juvenile] court knows or has reason to know that an Indian child is involved.'" (In re Desiree F. (2000) 83 Cal.App.4th 460, 469 [99 Cal.Rptr.2d 688].) Here, the juvenile court had no reason to know the tribal affiliation of the minors was with any tribe other than the Colfax/Todd's Valley Consolidated Tribe. Appellants have cited no authority for the proposition that evidence based on Internet site addresses may be considered for the first time on appeal. For example, they have not requested that we take judicial notice of this evidence, nor do we see how judicial notice would be proper. Accordingly, in this appeal, we do not consider the information tendered by appellants that was not before the juvenile court.
Appellants also cite no authority supporting their novel contention that an agency must investigate any possible affiliation of a tribe which is not federally recognized. Their reliance on In re Louis S. (2004) 117 Cal.App.4th 622 [12 Cal.Rptr.3d 110] (Louis S.) is misplaced. In Louis S., the maternal grandmother was alleged to be an Apache, and the minor was eligible for membership in the Chiricahua Tribe, a branch of the Apache. (Id. at p. 627.) Among the ICWA issues raised in the appeal was whether the agency should have notified all eight federally recognized Apache tribes. (117 Cal.App.4th at p. 632.) The Court of Appeal noted the Chiricahua Tribe was not federally recognized; however, the record established it may have merged with one or more of the federally recognized Apache tribes. (Ibid.) The court held the agency should notify the BIA and the federally recognized tribe or tribes that had absorbed the Chiricahua. (Id. at pp. 632-633.)
*6 In Louis S., the agency had reason to know the minor could be a member of a federally recognized tribe. As we have already explained, the record contains no evidence that the Colfax/Todd's Valley Consolidated Tribe is or has been absorbed by a federally recognized tribe. Neither Louis S. nor any other decision supports appellants' claim.
(2) We decline to extend the ICWA to cover an allegation of membership in a tribe not recognized by the federal government. Neither HHS nor the juvenile court was under a duty to comply with the notice provisions of the ICWA.

DISPOSITION
The orders are affirmed.
Raye, J., and Cantil-Sakauye, J., concurred.
NOTES
[1] C.S., the father of minors J.P. and K.P., is not a party to this appeal.
[2] Section 306.6 gives the juvenile court the discretion to allow a tribe that is not federally recognized to participate in the proceedings.