Filed 10/7/20  In re C.L. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re C.L., A Person Coming Under the Juvenile Court Law. | B305491<br><br>(Los Angeles County Super. Ct. No. 17CCJP02372) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHRIS L.,<br><br>    Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Rudolph Diaz, Judge.  Affirmed.

Joseph T. Tavano, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, County Counsel, Kim Nemoy, Assistant County Counsel, and Peter A. Ferrera, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

## INTRODUCTION

Chris L., father of nine-year-old C.L., appeals from the juvenile court's order terminating his parental rights. Chris contends the Los Angeles County Department of Children and Family Services did not comply with California law implementing the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.) because the Department did not further inquire whether C.L. may be an Indian child through his deceased mother after her sister reported C.L.'s mother had Creole heritage. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In August 2017 the Department filed a petition under Welfare and Institutions Code section 300,[1] alleging C.L., whose mother had recently died, came within the jurisdiction of the juvenile court as a result of, among other things, Chris's use of excessive corporal punishment. The court sustained the petition in October 2017 and subsequently removed C.L. from Chris. At a hearing under section 366.26 in March 2020, the court, having found that C.L. was not an Indian child and that ICWA did not apply, terminated Chris's parental rights. Chris timely appealed.

_____

[1] Undesignated statutory references are to the Welfare and Institutions Code.

# DISCUSSION

A.     *Applicable Law and Standard of Review*

Under California law implementing ICWA, "the court and county child welfare department 'have an affirmative and continuing duty to inquire whether a child,' who is the subject of a juvenile dependency petition, 'is or may be an Indian child.'" (*In re Austin J.* (2020) 47 Cal.App.5th 870, 883 (*Austin J.*); see § 224.2, subd. (a); Cal. Rules of Court, rule 5.481(a).)  This duty includes making "'further inquiry regarding the possible Indian status of the child' when 'the court, social worker, or probation officer has reason to believe that an Indian child is involved [or, under Cal. Rules of Court, rule 5.481(a)(4), "may be involved"] in a proceeding.'" (*Austin J.*, at p. 883; see § 224.2, subd. (e).)  "[T]he requisite 'further inquiry' 'includes: (1) interviewing the parents and extended family members; (2) contacting the Bureau of Indian Affairs and State Department of Social Services; and (3) contacting tribes the child may be affiliated with, and anyone else, that might have information regarding the child's membership or eligibility in a tribe.'" (*Austin J.*, at p. 883.)

Where, as here, the juvenile court finds ICWA does not apply to a child, that finding implies, among other things, "that social workers had fulfilled their duty of inquiry." (*Austin J.*, *supra*, 47 Cal.App.5th at p. 885.)  "We review a court's ICWA findings for substantial evidence.  [Citations.]  'We must uphold the court's orders and findings if any substantial evidence, contradicted or uncontradicted, supports them, and we resolve all conflicts in favor of affirmance.'" (*Ibid.*)  The appellant "'has the burden to show that the evidence was not sufficient to support the findings and orders.'" (*Ibid.*)

B.    *Chris Has Not Demonstrated Any ICWA Violation*

Chris contends the juvenile court erred in finding the Department complied with its duty of inquiry because the Department did not further inquire of maternal relatives after, early in the case, C.L.'s maternal aunt reported that C.L.'s mother "has Creole" and that there was "Creo Heritage" on "father's side of the family."[2]  ICWA, however, "applies only to federally recognized tribes" (*In re K.P.* (2009) 175 Cal.App.4th 1, 5; see 25 U.S.C. § 1903(8)), and "Creole" is not a federally recognized Indian tribe (*In re John V.* (1992) 5 Cal.App.4th 1201, 1217; see Indian Entities Recognized by and Eligible To Receive Services From the United States Bureau of Indian Affairs, 84 Fed.Reg. 1200 (Feb. 1, 2019)).  The maternal aunt's statements therefore did not give the Department or the juvenile court reason to believe C.L. is or may be an Indian child under ICWA, even if, as Chris suggests, "while 'Creole' may not be a federally recognized tribe, Creole culture in southern Louisiana includes influences from the Chitimacha, Houma and other native tribes" that may be federally recognized.  (See *In re John V.*, at p. 1217 [where mother reported "Creole Indian ethnic heritage," a "brief perusal of the applicable law would have led any investigator . . . to conclude, as we do, that on this basis [ICWA] does not apply to her children"].)  Therefore, Chris has not shown that the Department violated its duty of inquiry or that the juvenile court erred.

---

[2]     It is unclear from the record whose father the maternal aunt was referring to—C.L.'s mother's or C.L.'s (i.e., Chris).  The context strongly suggests the former.  But the analysis is the same in either case.

## DISPOSITION

The juvenile court's order terminating Chris's parental rights to C.L. is affirmed.


SEGAL, J.


We concur:


PERLUSS, P. J.


RICHARDSON, J.*

---

\*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.